**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

------------------------------------------------------------- x
NEUROLOGICAL SURGERY PRACTICE OF : 
LONG ISLAND, PLLC, :
 :
                Plaintiff, :
 :
    -against- :   Case No. 2:21-cv-01549-JS-JMW
 :
CIGNA HEALTH AND LIFE INSURANCE :
COMPANY and CONNECTICUT GENERAL :
LIFE INSURANCE COMPANY, :
 :
                Defendants. :
------------------------------------------------------------- x

# DEFENDANTS' RESPONSE TO PLAINTIFF'S OBJECTIONS TO MAGISTRATE JUDGE JAMES M. WICKS' REPORT AND RECOMMENDATION

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ......................................................................................................... ii
PRELIMINARY STATEMENT ................................................................................................... 1
FACTUAL BACKGROUND ........................................................................................................ 2
PROCEDURAL HISTORY ........................................................................................................... 3
STANDARD OF REVIEW ........................................................................................................... 5
ARGUMENT ................................................................................................................................. 6
    I.    The R&R Correctly Found Plaintiff Lacks Standing Under ERISA for Plans with Anti-Assignment Provisions. ..................................................................................... 6
    II.    The R&R Correctly Found Plaintiff's Law Claims Preempted by ERISA. ............... 12
CONCLUSION ............................................................................................................................ 14

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*,
No. 3:23-cv-830 (VAB), 2024 WL 4349052 (D. Conn. Sept. 30, 2024), *aff'd*, No. 24-2837-cv, 2025 WL 1443016 (2d Cir. May 20, 2025) ................................................................. 13

*Abira Medical Laboratories, LLC v. Anthem Blue Cross Blue Shield of Connecticut*,
2025 WL 1825425 (D.Conn., 2025) ........................................................................................ 13

*Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*,
821 F.3d 352 (2d Cir. 2016) .................................................................................................. 6, 7

*Angstadt v. Empire HealthChoice HMO, Inc.*,
No. 15-cv-1823 (SJF)(AYS), 2017 WL 10844692 (E.D.N.Y. Mar. 16, 2017) ..................... 7, 10

*Cooperman v. Empire HealthChoice HMO, Inc.*,
2025 WL 950675 (S.D.N.Y., 2025) ......................................................................................... 11

*Da Silva Plastic and Reconstructive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*,
2025 WL 240917 (E.D.N.Y., 2025) ..................................................................................... 8, 10

*Da Silva Plastic and Reconstructive Surgery, P.C. v. United Healthcare Insurance Company of New York, Inc.*,
Index No. 621408/2021 (August 18, 2022) ........................................................................... 7, 9

*DaSilva Plastic & Reconstructive Surgery, P.C. v. Cigna Health & Life Ins. Co.*,
No. 23-cv-00585 (GRG)(LGD) (E.D.N.Y. Jul 15, 2024) .......................................................... 9

*DiMartino v. Berryhill*,
327 F.Supp.3d 533 (E.D.N.Y. 2018) ......................................................................................... 5

*Farkas v. UFCW Local 2013 Health & Welfare Fund*,
No. 17-cv-2598 (RJD)(RER), 2018 WL 5862741 (E.D.N.Y. Sep. 12, 2018) ........................... 7

*Gordon Surgical Grp., v. Empire Choice HMO, Inc.*,
724 F. Supp. 3d 158 (S.D.N.Y 2024) ...................................................................................... 11

*Ingersoll-Rand Co. v. McClendon*,
498 U.S. 133 (1990) ................................................................................................................. 12

*LI Neuroscience Specialists v. Blue Cross Blue Shield of Florida*,
361 F. Supp.3d 348 (E.D.N.Y. 2019) ........................................................................................ 7

*Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*,
 No. 13-cv-6551 (DLC), 2016 WL 2939164 (S.D.N.Y. May 19, 2016) ................................. 7

*Mbody Minimally Invasive Surgery, P.C. v. Empire HealthChoice HMO, Inc.*,
 No. 13-cv-6551 (TPG), 2014 WL 4058321 (S.D.N.Y. Aug. 15, 2014) ................................. 7

*McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*,
 857 F.3d 141 (2d Cir. 2017) ........................................................................................... 6, 7

*Med. Soc'y of N.Y. v. UnitedHealth Grp., Inc.*,
 2019 WL 1409806 (S.D.N.Y 2019) ....................................................................................... 10

*Med. Soc'y v. UnitedHealth Grp. Inc.*,
 No. 16-cv-5265 (JPO), 2021 WL 4263717 (S.D.N.Y. Sept. 20, 2021) ................................... 7

*Merrick v. UnitedHealth Grp. Inc.*,
 175 F. Supp.3d 110 (S.D.N.Y. 2016) ................................................................................ 9, 11

*Mott v. IBM*,
 No. 10-cv-4933 (JFB) (WDW), 2011 WL 3847176 (E.D.N.Y. Aug. 30, 2011) ..................... 5

*Murphy Med. Associates, LLC v. EmblemHealth, Inc.*,
 No. 3:22-cv-59 (CSH), 2024 WL 4388305 (D. Conn. Oct. 3, 2024) ..................................... 13

*Murphy Med. Assocs., LLC v. Yale Univ.*,
 No. 24-944, 2024 WL 4656321 (2d Cir. Nov. 4, 2024) .......................................................... 7

*Neurological Surgery, P.C. v. Aetna Health Inc.*,
 511 F.Supp. 3d 267 (E.D.N.Y. 2021) ......................................................................... 8, 9, 13

*Neurological Surgery PC v. Empire Healthchoice HMO, Inc.*,
 14-cv-07585 (DRH) (E.D.N.Y. Mar. 30, 2016) ..................................................................... 9

*Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*,
 2024 WL 2813721 (2d Cir. June 3, 2024) ......................................................................... 8, 12

*Redstone v. Empire Healthchoice HMO, Inc.*,
 2024 WL 967416 (S.D.N.Y., 2024) ....................................................................................... 10

*Rojas v. Cigna Health & Life Ins. Co.*,
 793 F.3d 253 (2d Cir. 2015) ................................................................................................. 8

*Shuriz Hishmeh, M.D., PLLC v. Empire Health Choice Assurance, Inc.*,
 No. 19-cv-3144 (JMA)(ARL), 2020 WL 4452112 (E.D.N.Y. Aug. 3, 2020) ........................ 8

*Superior Biologics NY, Inc. v. Aetna, Inc.*,
 2022 WL 4110784 (S.D.N.Y., 2022) ..................................................................................... 10

*White v. Cnty. of Suffolk*,
    No. 20-cv-1501 (JS)(JMW), 2023 WL 2770364 (E.D.N.Y. Mar. 31, 2023) ......................................... 5

**Statutes**

Employee Retirement Income Security Act of 1974 ............................................................................. *passim*

**PRELIMINARY STATEMENT**

Defendants, Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (collectively "Cigna" or "Defendants"), by and through the undersigned counsel, respectfully submit the following Memorandum of Law in Opposition to Plaintiff's Objections to Magistrate Judge James M. Wicks' Report & Recommendation ("R&R") Regarding Plaintiff's Motion For Leave to File an Amended Complaint ("Pl.'s Obj.").

Plaintiff's Objections to Judge Wicks' R&R are nothing more than a rehash of the same arguments Plaintiff made on its original motion, which were thoroughly considered and rejected by Judge Wicks based on substantial legal authority and precedent. Specifically, Plaintiff objects to the following recommendations in Judge Wicks' R&R:

> (i) The [Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001 *et seq.* ("ERISA")] claim contained in Plaintiff's proposed amendment should be permitted to proceed but ***only*** as to the claims that are brought pursuant to the 48 ERISA plans that do not contain anti-assignment provisions; and
>
> (iv) Plaintiff's state law claims, as they pertains to the ERISA based plans, should not be permitted to proceed due to ERISA preemption.[1]

Notwithstanding Plaintiff's objections, these recommendations are correct as a matter of law, and Plaintiff's challenges provide no basis on which this Court could find otherwise. While Plaintiff argues that the Court should have permitted its ERISA claims to proceed based on an alleged waiver theory (*i.e.*, to overcome the unambiguous anti-assignment provisions in the ERISA-governed Plans), allegations nearly identical to those in the proposed Amended Complaint have been repeatedly rejected by courts in this Circuit. In addition, Judge Wicks' recommendation that Plaintiff's New York State law causes of action related to the patients' claims under the applicable ERISA plans be deemed

---

[1] Plaintiff does not object to Judge Wicks' other conclusions in his R&R and thus, Defendant respectfully refers this Court to its arguments related to those points in its Opposition to Plaintiff's Motion to Amend.

expressly preempted by ERISA was based on all applicable legal authority on point, and Plaintiff's argument that this recommendation is incorrect is based on nothing more than its counsel's *ipse dixit*. Indeed, Plaintiff fails to identify a single legal or factual error warranting departure from the recommendations in the R&R.

While the R&R permits Plaintiff to proceed with a limited subset of claims, namely, ERISA claims under 48 plans without anti-assignment provisions and state law claims under the three non-ERISA plans, Plaintiff's Objections seek to improperly expand the scope of this litigation beyond what the law permits. As such, this Court should overrule Plaintiff's objections and adopt Judge Wicks' R&R in its entirety.

## FACTUAL BACKGROUND

Plaintiff alleges in its Proposed Amended Complaint ("PAC") (as it did in its original Complaint), that it is an out-of-network provider (Compl., ¶¶ 7-8; PAC, ¶¶ 7-10) and that all of its Patients whose claims are at issue in this case, "presented to [its offices] with health conditions requiring [Plaintiff] to provide them with medically necessary neurosurgical services." (Compl., ¶ 31; PAC, ¶ 110). Plaintiff further alleges that all of those services "were covered services under the applicable health plan documents." (Compl., ¶ 32; PAC, ¶ 111).

Plaintiff also alleges in its PAC that even though it is an out-of-network provider, "it routinely provides medical services (including urgent and emergent services) to Cigna Members and receives assignments of benefits from these Cigna Members to permit [Plaintiff] to submit claims directly to, and receive payment directly from, Cigna." (*Id.*, ¶ 10). Plaintiff further alleges that "the Plans obligate Cigna to reimburse [it] for the services provided at what the Plans define as the 'Maximum Reimbursable Charge,' less any co-payment, co-insurance, member out-of-pocket, or deductible amounts." (*Id.*, ¶ 9). The spreadsheet attached to the PAC identifies Plaintiff's alleged "Charge[s]" (totaling $31,295,460.00), and "Received Total" (totaling $1,058,362.73) – leaving an alleged "balance"

2

of $30,237,097.27, which reflects the purported amount outstanding. (*Id.*, Exh. A). Nowhere in the PAC does Plaintiff identify the "Maximum Reimbursable Charge" rate it contends Cigna should have paid for any of the services in issue. (*Id.*, ¶ 9).

Plaintiff alleges in its original Complaint and its PAC that Cigna "engaged in communications or discussions with [Plaintiff] acknowledging that [Plaintiff] was providing the enrollees with covered health care service." (Compl., ¶ 34, PAC, ¶ 113). The PAC further alleges that "it was *mutually understood* that Cigna would reimburse [Plaintiff] for medically necessary services covered under the Plans' terms." (Compl., ¶ 35, PAC, ¶ 114). (emphasis added). The PAC concludes with the following allegation: "By reason of the foregoing, express contracts or contracts implied-in-fact arose between Cigna and [Plaintiff], whereby [Plaintiff] agreed to provide covered health care services to Cigna Members in exchange for Cigna paying [Plaintiff] for those covered health care services at the rates and levels set forth under the applicable Plans" (Compl., ¶ 37, PAC, ¶ 116).

The PAC reasserts the following four of the seven causes of action asserted in its original Complaint: (1) wrongful underpayment of benefits under ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B) as the Patients' assignee (First Count); (2) breach of the non-ERISA health plans as the Patients' assignee (Second Count); (3) breach of implied-in-fact contract (Third Count); and (4) Unjust Enrichment (Fourth Count). Plaintiff's PAC removes the following three causes of action alleged in its original Complaint: for breach of fiduciary duty pursuant to ERISA §502(a)(3), 29 U.S.C. §1132(a)(3); tortious interference with contract; and breach of the Patients' health plans as a third-party beneficiary, as well as its improper claim for punitive damages. (*See* Compl., ¶¶ 60-70, 79, 89, 97-108).

## PROCEDURAL HISTORY

On March 24, 2021, Plaintiff commenced this action by filing the Complaint with the Clerk of this Court. (ECF No. 1). On November 2, 2023, and June 17, 2024, Magistrate Judge Wicks issued

3

Minute Orders directing the parties to conduct discovery and provided a schedule for them to do so. (*See* ECF No. 43). On May 27, 2024, upon request of the parties, Judge Wicks entered an Order extending the deadline for the completion of discovery to June 17, 2024, and directing Cigna to file an answer to the Complaint by June 28, 2024. On June 28, 2024, Defendants filed a pre-motion conference letter requesting leave of court to file their proposed motion to dismiss Plaintiff's Complaint. (ECF No. 44) Plaintiff filed its response to that letter on July 12, 2024. (ECF No. 47). On August 16, 2024, Defendants served Plaintiff with a discovery deficiency letter. On October 3, 2024, the Court waived its pre-motion conference requirement and set a briefing schedule for Defendant's motion to dismiss. (ECF Order, October 3, 2024). Pursuant to this Court's bundling rule, Defendants served Plaintiff with their motion to dismiss on November 8, 2024. (ECF No. 51). Plaintiff was instructed to serve Defendants with its Opposition by December 16, 2024. (ECF No. 53). Instead, Plaintiff filed a letter motion on December 12, 2024, requesting leave to file an amended complaint. This Court denied the letter motion and ordered:

> (1) By no later than January 15, 2025, Plaintiff shall either: (a) file and serve a motion to amend the complaint, attaching a copy of the proposed amended complaint as an exhibit, or (b) serve its opposition to Defendants' motion to dismiss; and
>
> (2) By no later than February 5, 2025, and depending upon Plaintiff's filing (as described in item (1), above), Defendants shall either: (a) file their response to Plaintiff's motion to amend the complaint, which response may be their consent to Plaintiff's filing said forthcoming proposed amendment, or (b) file their reply in further support of their motion to dismiss.

(ECF Order, January 14, 2025).

Pending Plaintiff's filing, the parties requested a stay of further discovery, which request was granted on December 18, 2024. (ECF Order, December 18, 2024). After an extension request, Plaintiff's Motion for Leave to File a Second Amended Complaint was filed along with supporting documents on January 22, 2025. (ECF No. 56). Defendants requested an extension to file their response by February 26, 2025. (ECF No. 57), which was granted.

On June 28, 2025, Magistrate Judge Wicks issued a comprehensive R&R addressing Plaintiff's

4

motion for leave to amend. (ECF No. 70). The R&R recommends permitting only a narrow subset of claims to proceed, specifically, ERISA claims under 48 plans without anti-assignment provisions and state law claims under three non-ERISA plans. The R&R recommends dismissal of all other claims, including those arising under plans with enforceable anti-assignment provisions, time-barred claims, and state law claims preempted by ERISA. Plaintiff now objects to the R&R's recommendations. (ECF No. 72).

**STANDARD OF REVIEW**

In his R&R, Judge Wicks held that "because the recommendation herein is that the motion be partially denied, the undersigned proceeds by Report and Recommendation rather than by Order." (R&R at p. 2, n2). Here, there is no dispute that Judge Wicks' partial denial of Plaintiff's Motion for Leave to Amend the Complaint is dispositive. (*See* R&R at Footnote No. 2). The standard of review related to a district court's review of an objection to a report and recommendation regarding a dispositive motion is *de novo*. *Mott v. IBM,* No. 10-cv-4933 (JFB) (WDW), 2011 WL 3847176 (E.D.N.Y. Aug. 30, 2011). However, like here, where the arguments to an objection to a report and recommendation are nothing more than a rehash of the original arguments raised in a motion to amend and the supporting documents, the district court may review the report and recommendation for clear error. (Dkt. Nos. 26, 27). Indeed, it is well settled that "where a party makes only conclusory or general objections, or simply reiterates the original arguments, the court reviews the report and recommendation strictly for clear error." *White v. Cnty. of Suffolk*, No. 20-cv-1501 (JS)(JMW), 2023 WL 2770364, at *7 (E.D.N.Y. Mar. 31, 2023). "The goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary. . . . There is no increase in efficiency and much extra work, when a party attempts to relitigate every argument which it presented to the Magistrate Judge." (Internal citations and quotations omitted.) *DiMartino v. Berryhill*, 327 F.Supp.3d 533, 536 (E.D.N.Y. 2018). Plaintiff's challenges to Judge Wicks' recommendations

5

related to ERISA standing and ERISA preemption are just a reiteration of its arguments in its Motion to Amend (Plaintiff even cites to the decisions attached to his motion papers that were thoroughly considered and discussed by Judge Wicks). Because Plaintiff is simply looking to reargue the arguments already considered by Magistrate Judge Wicks, this Court should review Plaintiff's Objections to the R&R under the clear error standard. Doing so, the Court should find that Judge Wicks did not err in recommending that Plaintiff's Motion to Amend be partially denied, as that determination is well-supported by substantial legal authority and precedent.

To the extent this Court applies the *de novo* standard of review, it should still accept Judge Wicks' R&R because, as discussed in more detail below, it is correct as a matter of law.

## ARGUMENT

### I. The R&R Correctly Found Plaintiff Lacks Standing Under ERISA for Plans with Anti-Assignment Provisions.

Plaintiff objects to Judge Wicks' recommendation that its ERISA claims related to the 54 ERISA plans containing anti-assignment provisions should not be permitted to proceed due to lack of ERISA standing. (*See* Pl.'s Obj. at 6). Plaintiff argues that its vague allegations that Cigna waived these provisions through its "course of conduct" are sufficient to survive dismissal. (*Id.*, at 6-7). However, Judge Wicks correctly concluded that "none of the anti-assignment provisions are ambiguous as to allow assignment" in any circumstance and that "the alleged prior conduct does not rise to the level of waiver." (*See* R&R at p. 13).

The Second Circuit has held that "[u]nder §502(a), a civil action may be brought 'by a participant or beneficiary' of an ERISA plan to recover benefits due to him under the terms of that plan." *McCulloch Orthopaedic Surgical Servs., PLLC v. Aetna Inc.*, 857 F.3d 141, 146 (2d Cir. 2017). *See also Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.,* 821 F.3d 352, 361-62 (2d Cir. 2016). Plaintiff here does not, and cannot, allege that it is a participant, beneficiary, or a fiduciary of any of the ERISA Plans at issue. Courts in the Second Circuit have recognized a very "narrow exception" that permits "providers

6

to whom a beneficiary has *assigned* his claim in exchange for health benefits" to bring a civil action under ERISA §502. *See Murphy Med. Assocs., LLC v. Yale Univ.*, No. 24-944, 2024 WL 4656321, at *4 (2d Cir. Nov. 4, 2024); *McCulloch*, 857 F.3d at 146 (quoting *Montefiore Medical Center v. Teamsters Local 272*, 642 F.3d 321 (2d Cir. 2011); *Am. Psychiatric Ass'n v. Anthem Health Plans, Inc.*, 821 F.3d 352, 361 (2d Cir. 2016) (emphasis added). To avail itself of this limited exception, the provider "must establish the existence of a valid assignment." *Mbody Minimally Invasive Surgery, P.C. v. Empire Healthchoice Hmo, Inc.*, No. 13-cv-6551 (DLC), 2016 WL 2939164, at *4 (S.D.N.Y. May 19, 2016); *Farkas v. UFCW Local 2013 Health & Welfare Fund*, No. 17-cv-2598 (RJD)(RER), 2018 WL 5862741 (E.D.N.Y. Sep. 12, 2018).

Furthermore, where the health plan at issue has an anti-assignment provision, the out-of-network provider's acceptance of an assignment from a patient is considered "ineffective – a legal nullity." *Murphy Med. Assocs., LLC v. Yale University, et al.,* No. 24-944 2024 WL 4656321 at *4 (2d Cir. 2024). *McCulloch,* 857 F.3d at 147. Anti-assignment provisions are routinely enforced in the state and federal courts of New York. *LI Neuroscience Specialists v. Blue Cross Blue Shield of Florida*, 361 F. Supp.3d 348, 356 (E.D.N.Y. 2019); *Da Silva Plastic and Reconstructive Surgery, P.C. v. United Healthcare Insurance Company of New York, Inc.*, Index No. 621408/2021 (August 18, 2022). It is undisputed that of the Patients whose claims are governed by ERISA Plans in this matter, 54 of the Plans contain unambiguous anti-assignment language. (*See* R&R at pp. 13-15).

Accordingly, Plaintiff does not have a right of action under ERISA to pursue any claims for benefits under these plans. *See Angstadt v. Empire HealthChoice HMO, Inc.*, No. 15-cv-1823 (SJF)(AYS), 2017 WL 10844692, at *7-8 (E.D.N.Y. Mar. 16, 2017); *Mbody Minimally Invasive Surgery, P.C. v. Empire HealthChoice HMO, Inc.*, No. 13-cv-6551 (TPG), 2014 WL 4058321, at *2 (S.D.N.Y. Aug. 15, 2014); *Med. Soc'y v. UnitedHealth Grp. Inc.*, No. 16-cv-5265 (JPO), 2021 WL 4263717 at *5 (S.D.N.Y. Sept. 20, 2021).

Plaintiff argues that Judge Wicks erred in finding that Plaintiff had not sufficiently alleged that Cigna waived the anti-assignment provisions in the ERISA Plans through its "course of conduct" with Plaintiff. (PAC, ¶¶ 91, 96). As Judge Wicks found, however, "[f]or a waiver to be effective, there must be clear intent 'to relinquish [a] known right.'" *See* R&R at p. 13; *see also Neurological Surgery, P.C. v. Aetna Health Inc.,* 511 F.Supp. 3d 267, 285–86 (E.D.N.Y. 2021) (quoting *Beth Israel Med. Ctr. v. Horizon Blue Cross & Blue Shield of N.J.,* 448 F.3d 573, 585 (2d Cir. 2006)); *see also Da Silva Plastic & Reconstructive Surgery, P.C.,* 2025 WL 240917, at *10 (quoting *Beth Israel Med. Ctr.,* 448 F.3d at 585). Indeed, "[w]aiver does not arise from mere silence, oversight or thoughtlessness." *Neurological Surgery, P.C.*, 511 F.Supp.3d at 286 (Therefore, though Aetna "[n]ever once" pointed to the anti-assignment language to "deny[ ] or underpay[ ] any claim," Aetna's inaction does not constitute waiver.). Here, Plaintiff has not sufficiently alleged that Cigna intentionally or voluntarily waived the anti-assignment provisions.

Furthermore, Judge Wicks found that the parties' prior course of conduct, as alleged by the Plaintiff, did not "rise to the level of waiver" sufficient to survive a motion to dismiss. (*See* R&R at p. 13). Despite Plaintiff's baseless arguments to the contrary, however, this is not a unique or controversial holding considering that courts in the Second Circuit have routinely rejected allegations similar to those alleged by Plaintiff in this case related to waiver of anti-assignment provisions through prior course of conduct. *See also Rojas v. Cigna Health & Life Ins. Co.,* 793 F.3d 253, 258 (2d Cir. 2015) ("By expressly assigning only their right to payment, Rojas's patients did not also assign any other claims they may have under ERISA"); *Shuriz Hishmeh, M.D., PLLC v. Empire Health Choice Assurance, Inc.,* No. 19-cv-3144 (JMA)(ARL), 2020 WL 4452112, at *4 (E.D.N.Y. Aug. 3, 2020)(collecting cases)("Courts routinely find that when a health insurance company makes a direct payment to healthcare providers, it does not constitute a waiver of any applicable anti- assignment provision."). In fact, Judge Wicks cited substantial legal authority supporting his finding, including *Neurological Surgery, P.C. v. Aetna Health Inc.,* 511 F.Supp. 3d 267, 285–86 (E.D.N.Y. 2021), wherein this court found

that allegations nearly identical to those made by the Plaintiff in this case did not rise to a level of waiver. The court in *Neurological Surgery, P.C.*, *supra.*, distinguished the Plaintiff's allegations from cases where providers' allegations of waiver were deemed sufficient to withstand a motion to dismiss. Namely, the court found that in those cases, the plaintiffs alleged that the anti-assignment provisions at issue were *ambiguous*. *See Neurological Surgery, P.C.*, 511 F.Supp.3d at 287. Here, Plaintiff's Amended Complaint does not allege, and Plaintiff does not argue, that the anti-assignment provisions at issue are ambiguous. In fact, Plaintiff conceded at oral argument that the anti-assignment provisions were unambiguous. (*See* R&R at p. 13; see also Dkt. No. 66).

Similarly, Judge Wicks relied on *Merrick v. UnitedHealth Grp. Inc.*, 175 F. Supp.3d 110 (S.D.N.Y. 2016), wherein the court found that no waiver occurred through prior communications or payments made, holding that "[b]ecause the anti-assignment provision is valid and enforceable, Plaintiffs lack statutory standing to bring these claims." *Merrick,* 175 F. Supp. 3d at 126. The Court noted that, beyond direct payments, absent direct intent to waive such provisions, waiver is inapplicable. *Id.* at 124.

Plaintiff's Objections ask this Court to ignore these decisions and others standing for the same proposition in favor of a few outlier decisions finding bald allegations of waiver sufficient to defeat a motion to dismiss. Specifically, Plaintiff cites to several unpublished bench decisions, including *DaSilva Plastic & Reconstructive Surgery, P.C. v. Cigna Health & Life Ins. Co.*, No. 23-cv-00585 (GRG)(LGD), at 11 (E.D.N.Y. Jul 15, 2024) and *Neurological Surgery PC v. Empire Healthchoice HMO, Inc.*, 14-cv-07585 (DRH), Transcript, at 9 (E.D.N.Y. Mar. 30, 2016). But Plaintiff fails to acknowledge that Judge Wicks considered the decisions in *Da Silva and Neurological*, but pointed out that the court in *DaSilva* acknowledged "that there are cases that go both ways on the waiver issue." (R&R at p. 16). Furthermore, Judge Wicks found that "[a]ccording to the circumstances presented in the present case, reliance on the *Da Silva* decision on the record is misplaced." (*Id.*). Judge Wicks also pointed out that

9

the decision in *Neurosurgical* was based on a legal premise that courts have repeatedly rejected (*i.e.*, that an anti-assignment clause can be waived by making direct payments to the plaintiff).

Plaintiff also argues that the case law rejecting the waiver theory it relies on does not consider allegations specifying a course of conduct as detailed as that alleged by Plaintiff in the Amended Complaint. (*See* R&R at pp. 13-14; *see* Pl.'s Obj. at 11-12). This is simply false. Courts have rejected allegations nearly identical to those in the Amended Complaint in several cases because the alleged conduct, even if true, does not demonstrate a clear manifestation or intention to waive the anti-assignment provisions. *See Da Silva Plastic and Reconstructive Surgery, P.C. v. Empire Healthchoice HMO, Inc.*, 2025 WL 240917, at *10 (E.D.N.Y., 2025)(holding that "…contrary to plaintiff's argument, failure to raise anti-assignment language to deny or underpay a claim and frequent communication between parties do not amount to waiver. Courts in this Circuit "have repeatedly rejected … arguments that a health plan's communications with and payments to medical providers constitute a waiver of anti-assignment provisions."); *Med. Soc'y of N.Y. v. UnitedHealth Grp., Inc.*, 2019 WL 1409806, at *10 (S.D.N.Y 2019); *Redstone v. Empire Healthchoice HMO, Inc.*, 2024 WL 967416, at *5 (S.D.N.Y., 2024)(finding inadequate complaint's "allegations of waiver through regular interaction and communication," including "sending a copy of the pre-authorization letters to Plaintiffs," "informing Plaintiffs of the benefits under the Plan," and "authoriz[ing] the Plaintiffs to act as [the patient's] representative to carry out any grievance, appeal, or other external review of Empire's reimbursement decisions" (internal quotation marks omitted)); *Angstadt*, 2017 WL 10844692, at *6 ("[T]he fact that defendants communicated with plaintiffs, and responded to their appeals, does not estop defendants from enforcing the applicable anti-assignment provision, nor constitute a waiver of defendants' rights under the anti-assignment provision."); *Superior Biologics NY, Inc. v. Aetna, Inc.*, 2022 WL 4110784, at *9 (S.D.N.Y., 2022)(rejecting argument that insurer waived anti-assignment provisions based on insurer's "silence regarding the anti-assignment provisions during the claims processing or appeals

10

process, [the insurer's] direct communications with [p]laintiff before its provision of service and during the processing and payment of claims, and its allowance of [p]laintiff to submit claims on behalf of its patients"); *Merrick*, 175 F. Supp. 3d at 120-26 (declining to find estoppel or waiver of anti-assignment clause based on supposed "long-standing pattern and practice" of direct payment and other correspondence between insurer and provider, including provider's appeal of claim); *Gordon Surgical Grp., v. Empire Choice HMO, Inc.*, 724 F. Supp. 3d 158 at 190 (S.D.N.Y 2024) (rejecting argument that defendants' correspondence with plaintiffs, including "written explanations of benefits, partial payments, requests for supporting records, appeal responses, and appeal determinations," constituted a "full and enforceable waiver" of the anti-assignment clauses).

Recently, in *Cooperman v. Empire HealthChoice HMO, Inc.*, 2025 WL 950675, at 11 (S.D.N.Y., 2025), the court determined that the plaintiff's allegations regarding waiver, identical to those at issue in this case, were insufficient to defeat a motion to dismiss based on the applicable anti-assignment provisions, holding that:

> Plaintiffs point to a "regular, routine course of conduct" between Anthem and the Practice, including conduct such as preauthorization, "explanation of benefits, partial payments, requests for supporting medical records and documentation, clinical notes, and requests for other claim information." *Id.* at 7-8. "[W]hile evidence of an administrator's course of conduct apart from direct payments, including communications and conduct regarding benefit appeals, can present a 'closer question' as to waiver"… the pleaded course of dealings between Anthem and the Practice still does not raise a plausible inference of waiver. Nothing in the cited correspondence between the Practice and Anthem suggests that Anthem engaged with the Practice as the Patient's assignee or otherwise intentionally waived the anti-assignment clause. Although Plaintiffs allege that the HCFA 1500 Form they submitted to Horizon for reimbursement "informed Horizon (and [Anthem]) that the Practice had an assignment-of-benefits on file for [the Patient]," *id.* ¶ 39, courts have held that "communications between ... parties, *even with defendants' awareness of active anti-assignment clauses*," do not "plausibly suggest waiver."…

*See id.* (citations and quotations omitted). Therefore, Plaintiff's contention that its Amended Complaint presents unique allegations that have not been considered and/or rejected by other courts is entirely without merit.

In sum, the anti-assignment provisions in the 54 ERISA plans at issue are enforceable, and

Plaintiff's waiver theory is unsupported by both law and fact. Judge Wicks' recommendation that claims under these 54 ERISA plans be dismissed is correct on the facts and law and should therefore be adopted in full.

II.     **The R&R Correctly Found Plaintiff's Law Claims Preempted by ERISA.**

Plaintiff also objects to Judge Wicks' finding that its state law claims for breach of implied contract and unjust enrichment are expressly preempted by ERISA. (Pl.'s Obj. at 2). However, Plaintiff does not offer any detailed legal argument or cite any authority that contradicts Judge Wicks' analysis. (R&R at pp. 19-20; Pl.'s Obj. at 9-10). Instead, the Objection consists of conclusory assertions that ERISA should not preempt its state law claims, but entirely fails to engage with the statutory framework or legal authority relied upon in Judge Wicks' R&R. Plaintiff's failure to cite a single case supporting its theory underscores the weakness of its position. Plaintiff only argues that these claims are independent of ERISA and should be allowed to proceed, particularly where ERISA standing is denied due to anti-assignment provisions.

The R&R correctly applies ERISA §514(a), which provides that ERISA supersedes "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan." 29 U.S.C. § 1144(a). The Supreme Court has interpreted this provision broadly, holding that ERISA preempts state common law claims that seek to rectify "alleged improper processing of a claim for benefits under ERISA-regulated plans." (R&R at p. 19) (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47–48 (1987); *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139–40 (1990). The Second Circuit has reaffirmed this principle, most recently in *Park Ave. Podiatric Care, P.L.L.C. v. Cigna Health & Life Ins. Co.*, 2024 WL 2813721, at *2 (2d Cir. June 3, 2024), where it held that claims for reimbursement based on pre-service communications and implied agreements are preempted because they "relate to" ERISA plans. The R&R properly relied on this authority in concluding that Plaintiff's state law claims are preempted. (R&R at pp. 19-20)

Plaintiff's attempt to avoid preemption by arguing that ERISA cannot be used as both a sword and a shield (*i.e.*, that it would be unfair to dismiss Plaintiff's ERISA claims for lack of standing while simultaneously dismissing Plaintiff's New York State law claims related to those ERISA claims as expressly preempted by ERISA) is unavailing. (Pl.'s Obj. at 2). Plaintiff offers no legal authority to support its position that state law claims can survive ERISA preemption simply because Plaintiff lacks standing to bring a claim for plan benefits under ERISA. In fact, Courts routinely dismiss such claims from out-of-network providers, recognizing that ERISA's preemption provision is designed to ensure uniformity in plan administration and prevent conflicting state regulation. *See e.g.*, *Neurological Surgery, P.C. v. Aetna Health Inc.*, 511 F.Supp.3d 267, 290–91 (E.D.N.Y., 2021)(Court dismissed plaintiff's ERISA claims for lack of standing and held that their state law causes of action related to those claims were dismissed as expressly preempted by ERISA); *Abira Medical Laboratories, LLC v. Anthem Blue Cross Blue Shield of Connecticut*, 2025 WL 1825425, at *1 (D.Conn., 2025); *Abira Med. Lab'ys, LLC v. Cigna Health & Life Ins. Co.*, No. 3:23-cv-830 (VAB), 2024 WL 4349052, at *13 (D. Conn. Sept. 30, 2024), *aff'd*, No. 24-2837-cv, 2025 WL 1443016 (2d Cir. May 20, 2025); *Murphy Med. Associates, LLC v. EmblemHealth, Inc.*, No. 3:22-cv-59 (CSH), 2024 WL 4388305 (D. Conn. Oct. 3, 2024).

In sum, Judge Wicks' express ERISA preemption analysis is legally sound and consistent with binding precedent. Plaintiff's Objections fail to demonstrate any error in Judge Wicks' reasoning, and consequently, this portion of the R&R should also be adopted in full.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court overrule Plaintiff's Objection to Judge Wicks' R&R, and instead, adopt the R&R in its entirety.

Dated:  New York, New York
        August 29, 2025

>                       ROBINSON & COLE LLP
>
>                       By: /s/ Matthew P. Mazzola
>                           Michael H. Bernstein
>                           Matthew P. Mazzola
>                           Chrysler East Building
>                           666 Third Avenue, 20th floor
>                           New York, New York 10017
>                           Phone: (212) 451-2940
>                           Email: mbernstein@rc.com
>                           Email: mmazzola@rc.com
>
>                           *Attorneys for Defendants*
>                           *Cigna Health and Life Insurance Company and*
>                           *Connecticut General Life Insurance Company*

# LOCAL CIVIL RULE 7.1(c) CERTIFICATION

I, Matthew P. Mazzola, hereby certify that the foregoing in Opposition to Plaintiff's Objections to Magistrate Judge's Report & Recommendation Regarding Plaintiff's Motion For Leave to File an Amended Complaint was prepared on a computer using Microsoft Word.

*Type.* A proportionally spaced typeface was used, as follows:
Name of typeface:   Times New Roman
Point size:   12 Point
Line spacing:   Double

*Word Count.* The total number of words in this brief, inclusive of point headings footnotes and endnotes, and exclusive of the caption, any index, table of contents, table of authorities, signature blocks, or any required certificates is 4,491 words.

Dated:   New York, New York
        August 29, 2025

                                                       Respectfully submitted:

                                                       ROBINSON & COLE LLP

                                                       By: */s/ Matthew P. Mazzola*
                                                           Michael H. Bernstein
                                                           Matthew P. Mazzola
                                                           Chrysler East Building
                                                          666 Third Avenue, 20th floor
                                                          New York, New York 10017
                                                          Phone: (212) 451-2940
                                                          Email: mbernstein@rc.com
                                                          Email: mmazzola@rc.com

                                                          *Attorneys for Defendants*
                                                          *Cigna Health and Life Insurance Company and*
                                                          *Connecticut General Life Insurance Company*