UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------
NEUROLOGICAL SURGERY PRACTICE OF
LONG ISLAND, PLLC,

    Plaintiff,

      -against-

CIGNA HEALTH AND LIFE INSURANCE
COMPANY and CONNECTICUT GENERAL
LIFE INSURANCE COMPANY,

    Defendants.
--------------------------------X

<u>MEMORANDUM & ORDER</u>
21-CV-01549(JS)(JMW)

APPEARANCES

For Plaintiff:          Daniel Scott Hallak, Esq.
                       Roy W. Breitenbach, Esq.
                       Harris Beach Murtha Cullina PLLC
                       The Omni
                       333 Earle Ovington Boulevard, Suite 901
                       Uniondale, New York 11553

For Defendants:        Matthew Paul Mazzola, Esq.
                       Michael H. Bernstein, Esq.
                       Robinson & Cole LLP
                       Chrysler East Building
                       666 Third Avenue, 20th floor
                       New York, New York 10017

SEYBERT, District Judge:

        On March 24, 2021, Plaintiff Neurological Surgery Practice of Long Island, PLLC (hereinafter, "Plaintiff" or "Neurological Surgery") commenced this Employee Retirement Income Security Act ("ERISA") action against Defendants Cigna Health and Life Insurance Company and Connecticut General Life Insurance Company (together, "Cigna" or "Defendants"). (<u>See generally,</u>

Compl., ECF No 1.)  Plaintiff is asserting claims under ERISA as
an assignee and authorized representative of patients who are Cigna
health plan beneficiaries.  Plaintiff's claims include: (i) breach
of the terms in the plan under ERISA § 502(a)(1)(B), 29 U.S.C. §
1132(a)(1)(B), and 29 C.F.R. § 590.715-719A(b)(3)(i)(A)-(C); (ii)
requiring a full and fair review of all claims denied; (iii) breach
of obligations under the health plans; (iv) breach of implied-in-
fact contracts; (v) unjust enrichment; (vi) tortious interference
with contractual or business relationships; and (vii) breach of
contract as an intended beneficiary.  (Id. ¶¶ 49-108.)  The relief
Plaintiff seeks is as follows: (a) for the first cause of action,
"recovery under 29 U.S.C. § 1132(a)(1)(B) of unpaid/underpaid
benefits from Cigna together with declaratory and injunctive
relief to enforce the terms of Cigna's ERISA health plans"; (b)
for the second cause of action, awarding relief under 29 U.S.C.
§ 1132(a)(3), including declaratory and injunctive relief, "to
remedy Cigna's failures to provide a full and fair review, to
disclose information relevant to appeals"; and (c) for the third
through seventh causes of action, awarding compensatory and
punitive damages. (Id. at 21-22.)

On October 29, 2021, the parties filed a letter
requesting a settlement conference before Magistrate Judge James
M. Wicks (hereinafter, "Magistrate Judge" or "Judge Wicks").  (See
ECF No. 19.)  A settlement conference was scheduled for February

24, 2022. (See Nov. 2, 2021 Elec. Order). However, on request of
the parties, the Magistrate Judge granted an adjournment of the
settlement conference to June 2, 2022. (See Feb. 17, 2022 JMW
Elec. Order.) On the same day, this Court granted a stay of the
motion to dismiss briefing schedule pending the settlement
conference before Judge Wicks. (See Feb. 17, 2022 JS Elec. Order.)
A series of further adjournment requests for the settlement
conference abounded, which the Magistrate Judge granted. (See ECF
Nos. 23-34.) The settlement conference was finally held on
December 6, 2022, and ended with the Magistrate Judge scheduling
another in-person settlement conference for March 24, 2023. (See
Dec. 6, 2022 Minute Entry.) The parties made more adjournment
requests, which the Magistrate Judge granted. (See ECF Nos. 35-
40). A continued in-person settlement conference was held on
November 2, 2023, which did not result in settlement. (See Nov.
2, 2023 Minute Order.)

On June 28, 2024, Defendants filed a letter motion
requesting a pre-motion conference for their anticipated motion to
dismiss (see ECF No. 44), which Plaintiff opposed (see ECF No.
47). On October 3, 2024, the Court waived its pre-motion conference
requirement and set a briefing schedule for Defendants'
anticipated motion to dismiss. (See Oct. 3, 2024 Elec. Order.)
On December 12, 2024, a few days before Plaintiff's Opposition to
the motion to dismiss was due to be served on Defendants, Plaintiff

filed a letter motion for leave to amend the complaint. (See ECF No. 53.) On December 13, 2024, the Court amended its prior briefing schedule, setting new deadlines for Plaintiff to file its motion to amend the complaint or oppose Defendants' motion to dismiss, and for Defendants to file their response to Plaintiff's motion to amend the complaint or file a reply in further support of their motion to dismiss. (See Dec. 13, 2024 Elec. Order.) On December 17, 2024, the parties jointly filed a letter motion to stay discovery pending Defendants' anticipated motion to dismiss. (See ECF No. 54.) The Magistrate Judge granted this request. (See Dec. 18, 2024 JMW Elec. Order.)

On January 22, 2025, Plaintiff filed the instant motion to amend the complaint (hereinafter, "Motion to Amend"). (See Mot., ECF No. 56; see also Support Memo, ECF No. 56-9.) On March 5, 2025, Defendants filed their Opposition to the Motion to Amend. (See Opp'n, ECF No. 59.) On April 4, 2025, Plaintiff filed its Reply in further support of its Motion to Amend. (See Reply, ECF No. 64.) The Magistrate Judge heard oral argument on the Motion to Amend on June 11, 2025, at which he directed the parties to file a joint letter "indicating at least the following: (i) [t]he total number of claims at issue; (ii) [t]he total number of ERISA vs. non-ERISA claims; (iii) [t]he total number of claims that contain anti-assignment provisions; and (iv) [t]he total number of claims that are allegedly time-barred." (See ECF No. 66.) On

June 30, 2025, the parties filed the joint letter. (See ECF No. 69.)

On July 2, 2025, Judge Wicks issued a Report and Recommendation (hereinafter, "Report" or "R&R") recommending the Court grant in part and deny in part Plaintiff's Motion to Amend as follows:

> (i) The ERISA claim contained in Plaintiff's proposed amendment should be permitted to proceed but only as to the claims that are brought pursuant to the 48 ERISA plans that do not contain anti-assignment provisions;
>
> (ii) Plaintiff's proposed amendment is not time barred apart from the four claims predating the commencement of this action;
>
> (iii) Plaintiff's state law claims as it pertains to the ERISA based plans should not be permitted to proceed due to ERISA preemption; and
>
> (iv) Plaintiff's state law claims as it pertains to the three non-ERISA based plans should be permitted to proceed.

(R&R, ECF No. 70, at 26-27 (emphasis in original).)

On July 25, 2025, Plaintiff filed objections to Judge Wicks' R&R. (Pl.'s Objs., ECF No. 72.) Defendants responded to Plaintiff's objections on August 29, 2025. (Defs.' Resp. to Objs., ECF No. 75.)

For the reasons stated herein, Plaintiff's objections are OVERRULED, and the R&R is ADOPTED; therefore: Plaintiff's

Motion to Amend is GRANTED in part and DENIED in part, consistent with the Magistrate Judge's Report and this Order.

BACKGROUND

I. <u>Factual and Procedural Background</u>

The Court presumes the parties' familiarity with, adopts, and incorporates herein, the factual and procedural background as set forth in the R&R. (R&R at 1-4.) <u>See generally</u> <u>Sali v. Zwanger & Pesiri Radiology Grp., LLP</u>, No. 19-CV-0275, 2022 WL 819178, at *1 (E.D.N.Y. Mar. 18, 2022) (where no party challenges magistrate judge's recitation of the factual and procedural background of the case, upon clear error review, adopting and incorporating same into court's order).

II. <u>Judge Wicks' R&R</u>

Judge Wicks' Report is summarized as follows:

A. <u>Undue Delay, Bad Faith, and Prejudice</u>

Judge Wicks first <u>sua sponte</u> examined the factors of delay, bad faith, and prejudice, and determined all three weighed in favor of granting the Motion to Amend. (<u>See</u> R&R at 6-8.)

B. <u>Futility</u>

Judge Wicks then examined futility, "which is ofttimes the death knell on a contested motion to amend." (<u>See</u> <u>id.</u> at 10.) Defendants argued futility because: "(i) Plaintiff lacks standing; (ii) the claims are untimely; (iii) ERISA preempts Plaintiff's state claims; and (iv) Plaintiff fails to state a claim on all

6

four proposed causes of action." (See id. at 9.) First, Judge Wicks recommended Plaintiff has standing to assert ERISA claims only as to the patients that do not have an anti-assignment provision in their contracts: "To be clear, the claim is futile as to the claims pursuant to the 54 plans with anti-assignment provisions and as to the 48 remaining plans, Plaintiff has established constitutional standing to purse these claims by reason of the alleged assignments." (See id. at 17.)

Second, as to the statute of limitations, Judge Wicks recommended because "issues of fact exist as to whether the plan participants were on notice limits the enforceability of the limitation provisions[,] [so] as a matter of pleading, the claims are considered timely with the exception of the four services predating the commencement of this action." (See id. at 19.)

Third, as to whether Plaintiff's state law claims are preempted by ERISA, Judge Wicks recommended: (i) Plaintiff's state law claims as they pertain to the ERISA-based plans should not be permitted to be pled because of ERISA preemption; but, (2) Plaintiff's state law claims as they pertain to the three non-ERISA-based plans should be permitted to be pled. (See id. at 20.)

C. Whether Plaintiff States a Claim

Judge Wicks then evaluates, in the alternative, if the undersigned disagrees with the above recommendation, and instead

finds that Plaintiff's claims <u>are not</u> preempted, whether or not Plaintiff states valid claims. (See <u>id.</u> at 20.)

As to the first cause of action, Recovery for Wrongful Underpayment under ERISA: Judge Wicks recommended these may proceed and are not futile as to the 48 plans without anti-assignment provisions. (See <u>id.</u> at 20-21.) As to the second cause of action, Breach of Contract: Judge Wicks recommended it fails to state a claim, and thus, is futile, because Plaintiff fails to demonstrate a meeting of the minds. (See <u>id.</u> at 21-22.) As to the third cause of action, Breach of Implied-in-Law[1] Contract: Judge Wicks recommended it fails to state a claim, and thus, is also futile, for the same reason the Breach of Contract claim failed. (See <u>id.</u> at 22-23.) As to the fourth cause of action, Unjust Enrichment: Judge Wicks recommended: (i) if the undersigned concludes the two breach of contract claims have been stated, then the unjust enrichment claim must be dismissed as duplicative; but, (ii) if the undersigned agrees with the Magistrate Judge and concludes the two breach of contract claims

---

[1] Plaintiff observes the R&R "persistently refers to this claim as an implied-in-law contract cause of action, [while] it is actually an implied-in-fact contract claim." (Pl.'s Objs. at 15. n.10 (quoting PAC ¶ 154)). The Court agrees with Plaintiff that the R&R mistakenly refers to the "implied-in-fact contract claim" as an "implied-in-law contract claim." However, the Court presumes the Magistrate Judge made a <u>de minimis</u> phrasing error in his Report, and understood Plaintiff's claim to be an implied-in-fact claim. Nonetheless, for clarity's sake, the Court shall refer to this claim correctly as "implied-in-fact" from hereon.

do not state claims, then the Unjust Enrichment claim has been properly pled. (See id. at 24-26.)

III. Plaintiff's Objections to the R&R

Plaintiff asserts three primary objections to Judge Wicks' recommendations.

First, Plaintiff objects to Judge Wicks' recommendation that Plaintiff has standing to assert ERISA claims only as to those patients that do not have anti-assignment provisions in their plan contract, thus, making amendments futile as to 54 plans, but not futile as to the remaining 48 plans. (See Pl.'s Objs. at 7.) Plaintiff argues the basis for this objection is "the proposed amended complaint [(hereinafter, "PAC")] contains sufficient factual allegations that render it at least plausible, at this pleading stage, that Cigna's actions waived these anti-assignment clauses." (See id.)

Second, Plaintiff objects to Judge Wicks' recommendation that ERISA preempts Plaintiff's state law claims as they pertain to the three non-ERISA-based plans. (See id. at 13.) Plaintiff first contends, in a footnote, that its express breach of contract cause of action "relates only to reimbursement claims associated with plans not governed by ERISA," and thus, "should survive dismissal on ERISA preemption grounds, because these claims do not involve ERISA claims at all" (hereinafter, "Express Breach of Contract Objection"). (See id. at 13 n.8 (emphasis added).)

Plaintiff then contends, generally, that the Report is wrong because the Second Circuit has held that "plans cannot use ERISA as shield and sword successfully arguing that a provider lacks ERISA standing to recover benefits while asserting ERISA preemption against the provider's non-ERISA claims." (See id. at 13.)

Last, Plaintiff objects to the Report's alternative finding (should the District Court not accept the preemption recommendation) that Plaintiff failed to state an implied-in-fact breach of contract claim. (See id. at 15-16.) Plaintiff argues it did not fail to state an implied-in-fact contract claim because "[t]he Court must consider the totality of the parties' acts, relationship, and objectives" and the facts as alleged here are "sufficient to make out a claim for implied-in-fact contract." (See id.)

In response, Defendants argue: (1) the R&R correctly found Plaintiff lacks standing under ERISA for plans with anti-assignment provisions because Plaintiff does not meet the "narrow exception" that permits "providers to whom a beneficiary has assigned his claim in exchange for health benefits to bring a civil action under ERISA" since anti-assignment provisions are "routinely enforced" in New York, and 54 of the Plans at issue in this action "contain unambiguous anti-assignment language" and the Magistrate Judge's finding that the parties' prior course of

conduct, as alleged by Plaintiff, did not "rise to the level of waiver" sufficiently enough to survive a motion to dismiss (Defs.' Resp. to Objs. at 11-17); and (2) Plaintiff does not offer any legal authority to support its argument that ERISA cannot be used as both a sword and a shield, and in fact, "[c]ourts routinely dismiss such claims from out-of-network providers, recognizing that ERISA's preemption provision is designed to ensure uniformity in plan administration and prevent conflicting state regulation" (id. at 17-18).

The Court finds Plaintiff's objections to be without merit and addresses each, in turn, below.

## DISCUSSION

I. <u>Legal Standards</u>

A. <u>Report and Recommendation</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); <u>see also</u> FED. R. CIV. P. 72(b)(3). The district judge must evaluate proper objections <u>de novo</u>; however, where a party "makes only conclusory or general objections, or simply reiterates [the] original arguments, the Court reviews the Report and Recommendation only for clear error." <u>Pall Corp. v. Entegris, Inc.</u>, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (quoting <u>Barratt v. Joie</u>, No. 96-CV-0324, 2002 WL 335014, at *1 (S.D.N.Y. Mar. 4, 2002)); FED. R. CIV. P. 72(b)(3); <u>see also</u> <u>U.S.</u>

_Small Bus. Admin. v. Ameritrans Holdings, LLC_, No. 20-CV-1166, 2024 WL 704621, at *2 (E.D.N.Y. Feb. 21, 2024) (applying clear error review where "[d]efendants' regurgitation of their original arguments [was] readily apparent when comparing their [underlying motion] to their [o]bjections"). Moreover, the Court need not review the findings and conclusions to which no proper objection has been made. _See Thomas v. Arn_, 474 U.S. 140, 150 (1985).

Additionally, "[i]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." _Tevac, Inc. v. Dynamics eShop, Inc._, No. 19-CV-3650, 2022 WL 4483439, at *3 (E.D.N.Y. Sept. 27, 2022) (quoting _Zhao v. State Univ. of N.Y._, No. 04-CV-0210, 2011 WL 3610717, at *1 (E.D.N.Y. Aug. 15, 2011)); _see also Page v. Ellenoff Grossman & Schole LLP_, No. 22-CV-4453, 2023 WL 4841916, at *1 (S.D.N.Y. July 28, 2023) ("WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge . . . ."), _aff'd_, No. 23-1199, 2024 WL 4195137 (2d Cir. Sept. 16, 2024).

B. Motion to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, courts have discretion to allow parties to amend their pleadings "when justice so requires." FED. R. CIV. P. 15(a)(2); _see also TechnoMarine SA v. Giftports, Inc._, 758 F.3d 493, 505 (2d

Cir. 2014) ("Under Fed. R. Civ. P. Rule 15(a), leave to amend shall be freely given when justice so requires." (citation modified)); Amaya v. Roadhouse Brick Oven Pizza, Inc., 285 F.R.D. 251, 253 (E.D.N.Y. 2012) ("A court should freely give leave when justice so requires, and such leave is in the court's discretion." (citation modified)). The amendment standard is liberal, permitting plaintiffs "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." RCX I, LLC v. Pitter-Nelson, No. 11-CV-03513, 2014 WL 5809514, at *5 (S.D.N.Y. Nov. 6, 2014) (citation modified).

Where, however, there is "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment," a Rule 15 motion should be denied. Amaya, 285 F.R.D. at 253; see also Francisco v. Abengoa, S.A., 559 F. Supp. 3d 286, 310 (S.D.N.Y. 2021) ("[A] motion to amend should be denied only if the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile." (quoting Agerbrink v. Model Serv. LLC, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016))).

"The party opposing a motion to amend bears the burden of establishing that the amendment should be denied." Baptiste v.

Suffolk County, No. 19-CV-0042, 2022 WL 1224570, at *4 (E.D.N.Y. Apr. 26, 2022); see also Joinnides v. Floral Park-Bellerose Union Sch. Dist., No. 12-CV-5682, 2015 WL 1476422, at *9 (E.D.N.Y. Mar. 31, 2015) ("With respect to the Rule 15(a) factors, the party opposing the motion for leave to amend has the burden of establishing that an amendment would be prejudicial or futile." (citation modified)).

## II. Analysis[2]

### A. The Objections Warrant Clear Error Review

Turning to the objections, the Court finds them to be "mere reiterations of the arguments in [the] original papers that were fully considered, and rejected, by" Judge Wicks. Out of the Blue Wholesale, LLC v. Pac. Am. Fish Co., Inc., No. 19-CV-0254, 2020 WL 7488072, at *2 (E.D.N.Y. Dec. 21, 2020) (quoting Rizzi v. Hilton Domestic Operating Co., Inc., No. 19-CV-1127, 2020 WL 6243713, at *2 (E.D.N.Y. Oct. 23, 2020) (collecting cases)).

---

[2] Because there have been no objections filed by any parties as to Judge Wicks' following recommendations, upon clear error review, the Court adopts said recommendations in their entirety: (1) there is no indications of potential prejudice to Defendants if the proposed amendments were permitted (R&R at 7-8); (2) there is no indications Plaintiff is acting in bad faith (see id. at 8); (3) Plaintiff has established standing to pursue the medical claims involving the 48 Plans that do not contain anti-assignment provisions (see id. at 17); (4) the claims at issue in the lawsuit are all timely except for four services rendered before the commencement of this action (see id. at 19); and (5) the claims involving the three non-ERISA plans are not preempted (see id. at 20).

14

Indeed, Plaintiff's regurgitation of its original arguments is apparent when comparing its underlying Support Memo to its objections. (<u>Compare</u> Support Memo at 10-14 (arguing Plaintiff has sufficiently alleged a valid assignment of benefits and its ERISA benefits claim remains viable notwithstanding purported anti-assignment clauses), and at 18-27 (arguing ERISA should not preempt Plaintiff's state law claims as they pertain to the three non-ERISA-based plans), and at 21-24 (arguing Plaintiff has sufficiently stated an implied-in-fact contract claim), <u>with</u> Pl.'s Objs. at 7-16 (same)). Thus, the Court reviews Judge Wicks' Report for clear error.

B. <u>Plaintiff's Objections</u>

   i. <u>Objection 1: The PAC Sufficiently Alleges Standing for ERISA Benefits Claim</u>

As its first objection, Plaintiff asserts the Magistrate Judge erred by recommending the Court not permit the amendment of the complaint as to the 54 ERISA plans that <u>do contain anti-assignment provisions</u> because it is plausible that Cigna waived the anti-assignment clauses. (<u>See</u> Pl.'s Objs. at 7-12.)

First, Plaintiff argues that while it is true that courts rely upon the existence of anti-assignment clauses in plan documents to dismiss claims for lack of standing, it is also true "that this [c]ourt has denied motions to dismiss at the pleading stage where the health care providers' complaints contained

sufficient factual allegations to render it at least plausible that the health plans' actions waived the anti-assignment clauses or is estopped from asserting them." (See Pl.'s Objs. at 7-8.) Plaintiff compares its PAC here to those in cases like Da Silva Plastic & Reconstructive Surgery, P.C. v. Cigna Health & Life Ins. Co., No. 23-CV-0585, 2025 WL 240917 (E.D.N.Y. Jul 15, 2024), because its PAC "contains sufficient factual allegations to render it at least plausible that the health plans' actions waived the anti-assignment clause or is estopped from asserting them." (See Pl.'s Objs. at 8.) Specifically, Plaintiff argues that alleged prior conduct of Cigna rises to the level of waiver. For example, during calls, "Cigna never raised any objection to Neurological [Surgery] claimed [sic] status as a beneficiary or the existence of anti-assignment clauses in the plan documents." (See id. at 8-9 (citing PAC ¶¶ 62-63, 92-93).) As another example, when Plaintiff submitted claims for reimbursement to Cigna, "Cigna responded to these claim submissions . . . [and not once] objected to Neurological[] [Surgery's] claimed status as an assignee of the beneficiary or the existence of an anti-assignment clause." (See id. at 9 (citing PAC ¶¶ 66-67, 93).) And when Plaintiff followed up on claims submitted to Cigna, "Cigna, not once, refused to recognize or interact with Cigna as the beneficiary's assignee and authorized representative." (See id. at 9 (emphasis in original) (citing PAC ¶¶ 67-71, 93, 95).)

16

However, as Judge Wicks astutely observed in his Report, for a waiver to be effective, "there must be clear intent to relinquish a known right." (See R&R at 13 (quoting Neurological Surgery, P.C. v. Aetna Health Inc., 511 F. Supp. 3d 267, 285-86 (E.D.N.Y. 2021)) (citation modified).) This Court agrees. As Judge Cogan's recent decision in Central Orthopedic Group, LLP v. Aetna Life Insurance Company, No. 24-CV-7014, 2025 WL 2549995 (E.D.N.Y. Sept. 4, 2025) (hereinafter, "Central Orthopedic Case") explains, which rationale this Court adopts and incorporates herein:

> Under this standard, the complaint fails to state an ERISA claim upon which relief can be granted. First, plaintiff appears to recognize that the anti-assignment clause means what it says – a third party like plaintiff cannot assert the rights of a patient to payment or reimbursement from Aetna under the policy. Instead, plaintiff alleges that by participating in the claims administration process for claims submitted by plaintiff (instead of rejecting those claims out of hand), or by partially paying some of plaintiff's claims, Aetna has waived the restriction in the anti-assignment clause. But those actions or inactions do not constitute a waiver under the law.

> Substantial and recent authority within this district and the Southern District of New York on indistinguishable facts recognizes this. The same lawyer representing plaintiff here made the same arguments in favor of waiver in Gordon Surgical Group, P.C. v. Empire HealthChoice HMO, Inc., 724 F. Supp. 3d 158 (S.D.N.Y. 2024), but all were rejected. In Gordon, the plaintiff contended that the insurer had provided "written consent" to the assignment of benefits by engaging in correspondence with the plaintiff. Noting that "waiver of a contract right must be proved to be

17

intentional, [and that] the defense of waiver
requires a clear manifestation of an intent to
relinquish a known right," id. at 172 (quoting Beth
Israel Med. Ctr. v. Horizon Blue Ross and Blue
Shield of New Jersey, Inc., 448 F.3d 573, 585 (2d
Cir. 2006)) (cleaned up), the Gordon court pointed
out the absence of any allegation in the complaint
that the defendant had delivered a letter stating,
in substance, "we hereby waive the anti-assignment
clause." The fact that the insurer had engaged in
communications and administrative proceedings with
the plaintiff concerning its claims simply showed
a "willingness to communicate directly with
Plaintiffs to some extent," and did not "constitute
'written consent' to the assignment of benefits."
Gordon, 724 F. Supp. 3d at 172 (quoting R&R). See
also Beth Israel, 448 F.3d at 585 ("mere silence,
oversight or thoughtlessness in failing to object
. . . will not support a finding of waiver"
(quotation and citation omitted)); Neurological
Surgery, P.C. v. Aetna Health Inc., 511 F. Supp. 3d
267, 286 (E.D.N.Y. 2021) (although the provider
"never once pointed to the anti-assignment language
to deny or underpay any claim," its "inaction does
not constitute waiver" (cleaned up)).

Id. Therefore, it was not clear error for Judge Wicks to determine

that prior conduct, without any intentional acknowledgment on

Cigna's behalf, was not enough to constitute waiver here; in fact,

as evidenced by the above block quote, Judge Wicks' Report is in

line with myriad other courts in this district and the Southern

District of New York.

Further, Plaintiff's objection that "[t]he cases that

the Report relies upon to reject the waiver argument failed to

contain the detailed factual allegations regarding waiver present

here" is of no moment. (See Pl.'s Objs. at 10.) In the Central

Orthopedic Case, the court determined the allegations in the

complaint in question there were conclusory, however, the court
went on to note:

> More fundamentally, even if plaintiff had provided
> more detail as to each claim by, for example,
> describing the back-and-forth with Aetna on each
> claim or attaching the correspondence, all that
> plaintiff has described is the normal iterative
> process between a claimant and an insurance
> company. The mere participation in that process –
> even the partial payment of some claims – is not
> the intentional relinquishment of a contractual
> right that could give rise to a waiver.

Cent. Orthopedic Grp., LLP, 2025 WL 2549995, at *3 (emphasis
added). The same can be said here: Cigna's "mere participation"
in the "normal iterative process between a claimant and an
insurance company" was not Cigna's "intentional relinquishment of
a contractual right that could give rise to a waiver." (See id.)

Thus, it was not clear error for Judge Wicks to disallow
Plaintiff to amend the complaint to include the 54
Cigna-administered plans that do contain anti-assignment
provisions, as there was no waiver. Therefore, this objection is
OVERRULED.

### ii. Objection 2: ERISA Does Not Preempt Neurological Surgery's Implied-in-Fact Contract and Unjust Enrichment Claims

As its second objection, Plaintiff contends the
Magistrate Judge erred in finding Plaintiff's state law claims in
the PAC as they pertain to the ERISA-based plans cannot be pled
because of ERISA preemption. Plaintiff relies upon McCulloch

*Orthopaedic Surgical Services, PLLC v. Aetna Inc.*, 857 F.3d 141, 143-44 (2d Cir. 2017), to advance its objection. (*See* Pl.'s Objs. at 13.)  Plaintiff's reliance on <u>McCulloch</u> is unavailing.

The facts and procedural posture of the <u>McCulloch</u> case do not track the facts and the procedural posture here.  In <u>McCulloch</u>, the Second Circuit (1) vacated the district court's order denying plaintiff's motion to remand and dismissing plaintiff's complaint; and (2) instructed the district court to further remand the case to New York state court.  *See* <u>McCulloch Orthopaedic Surgical Servs.</u>, 857 F.3d at 152.  The district court had dismissed the plaintiff's complaint entirely without recourse to bring its claims in state court; the Second Circuit found that dismissal an "unjust and anomalous" outcome with plaintiff being "barred from pursuing state-law claims in state court on preemption grounds and from pursuing an ERISA claim in federal court for lack of standing" thereby leaving the plaintiff "without a remedy to enforce promises of payment made by an insurer."  *See* <u>id.</u> at 148. In stark contrast, here, many of Plaintiff's claims survive; thus, a potential remedy still exists for Plaintiff to enforce the alleged promises of payment made by Cigna.  Hence, Judge Wicks' preemption determination was not clear error.

To the extent Plaintiff objects to Judge Wicks' R&R, arguing the Magistrate Judge should have expressly considered and applied <u>Rutledge v. Pharmaceutical Care Management Association</u>,

592 U.S. 80 (2020), which case was not cited in the Report (see Pl.'s Objs. at 13-14), that objection is overruled. Ironically, neither did Plaintiff rely upon, or even cite to, the Rutledge case in advancing its position in its moving papers. (See generally Support Memo; see generally Reply.) Yet, "[i]t is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not." Tevac, 2022 WL 4483439, at *3 (emphasis added) (quoting Zhao, 2011 WL 3610717, at *1); see also Page, 2023 WL 4841916, at *1 ("WHEREAS the Court need not consider arguments contained in the objections that were not raised initially before the magistrate judge . . . ." (emphasis added)) (citing Robinson v. Keane, No. 92-CV-6090, 1999 WL 459811, at *4 (S.D.N.Y. June 29, 1999) ("These issues were not raised before the Magistrate Judge and therefore were not addressed by him; accordingly, they may not properly be deemed 'objections' to any finding or recommendation made in the Report and Recommendation.")), aff'd, 2024 WL 4195137. Thus, this argument about the application of the Rutledge case in support of Plaintiff's objections will not be considered now.

Thus, finding no clear error, this Court OVERRULES Plaintiff's preemption objections.

### iii. Objection 3: Purported Objection Regarding Neurological Surgery's Express Breach of Contract Cause of Action

With regard to Plaintiff's Express Breach of Contract Objection, Plaintiff observes the R&R "contains a section explaining why [the Magistrate Judge] believes that the express breach of contract cause of action is insufficiently pled" which "presumes that the express breach of contract cause of action is being applied to the ERISA plan-related claims," but Plaintiff states that "is not the case" because that claim "is related only to the claims involving the three non-ERISA plans." (Pl.'s Objs. at 15 n.9 (quoting PAC ¶ 146); see also id. at 13 n.8.) Defendants do not address this in their responses to the objections. (See generally Defs.' Resp. to Objs.) The Court agrees with Plaintiff that its express breach of contract cause of action "should survive dismissal on ERISA preemption grounds, because these claims do not involve ERISA claims at all." (See Pl.'s Objs. at 13 n.8.) As Judge Wicks ruled, Plaintiff's state law claims as they pertain to the three non-ERISA-based plans in the PAC can be pled because they are not preempted. (See R&R at 20.) Therefore, because the undersigned agrees with the Magistrate Judge that the ERISA-based plan claims are preempted by ERISA, the Court: (1) permits Plaintiff's express breach of contract cause of action to be pled as to the claims involving the three non-ERISA plans; and, (2)

need not, and does not, analyze Section II.iv of the R&R, or the objections thereto (see Pl.'s Objs. Section III).

CONCLUSION

Accordingly, for the stated reasons, IT IS HEREBY ORDERED that:

I. Plaintiff's objections (ECF No. 72) are OVERRULED;

II. The R&R (ECF No. 70) is ADOPTED in its entirety, with Plaintiff's Motion to Amend the Complaint (ECF No. 56) being GRANTED in part and DENIED in part in accordance with the following:

    1. The ERISA claim in Plaintiff's PAC is permitted, but only as to the claims brought pursuant to the 48 ERISA plans that DO NOT contain anti-assignment provisions;

    2. The claims in Plaintiff's PAC are not time barred, EXCEPT for the four claims that predate the commencement of this action;

    3. Plaintiff's state law claims as they pertain to the ERISA-based plans in the PAC cannot be pled because of ERISA preemption; and

    4. Plaintiff's state law claims as they pertain to the three non-ERISA-based plans in the PAC can be pled.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: September 30, 2025
      Central Islip, New York